THE STATE OF NEBRASKA, EX REL. W. A. WAGNER, v. G. G. EMERY.

Cities of Second Class: VOTING PLACES WHERE COUNTY IS UNDER TOWNSHIP ORGANIZATION. The city of B., having over five thousand inhabitants, was divided into four wards. But the county board had never caused the precincts or voting districts to conform in their boundaries to the ward lines. G. county, in which the city is situated, is under township organization. In an application for a mandamus to compel the county clerk to issue and deliver to the city clerk of B. three election notices for each ward in the city it was *Held*, that as such precincts or voting districts had not been established by the county board, the writ should be denied.

ORIGINAL application for mandamus.

*Pemberton & Bush,* for relator.

*Cobbey & Summers,* for respondent.

REESE, J.

This is an application for a mandamus to compel the respondent, who is the county clerk of Gage county, to issue and deliver to the city clerk of the city of Beatrice three election notices for each of the four wards in the city. Respondent has declined doing this, but has issued three notices treating the city as one voting precinct or district.

The contention of relator is that by the division of the city into wards by the city council, each ward is made a voting district for the purposes of the general election to be held on Tuesday succeeding the first Monday in November. In support of this we are referred to article two of chapter fourteen of the Compiled Statutes, in which the rights and powers of "Cities of the second class over 5,000 inhabitants" are defined, and in which the wards of the city are declared to be election districts, etc. It is very evident that the article referred to treats almost solely of the matter of municipal, or city, government. A few exceptions may be found, but we know of none which are applicable to this case, Gage county being under township organization.

It is conceded that the county board has never taken action in the matter. In counties not under township organization it is made the duty of the board of county commissioners to divide the county into convenient precincts (Section 60, chapter 18), and in case the county contains a city of over 5,000 inhabitants which is divided into wards, the precinct lines must be made to correspond with the ward boundaries. Sec. 9, chapter 14.

When a county adopts township organization, each voting precinct shall, for temporary purposes, be treated as a township—section 4, chapter 18—and at the first meeting of the board they must proceed to divide the county into townships. Sec. 5, Id. But no city or village of over 1,000 inhabitants shall be included in the corporate limits of any township. Such territory shall constitute a town. Id. In wards of cities of the first and second class whose limits are co-extensive with precincts, the electors shall only choose supervisors, assessors, and judges and clerks of election at first election. Sec. 4, Id.

It is, perhaps, the duty of county boards in all cases, certainly when not under township organization, to create election districts to suit the convenience of the voters at a general election. In the case at bar it has not been done either before or after the adoption of township organization. If in cases where township organization has been adopted there is no authority of law for such action by the county board, then it is serious defect in the law, and one which should be remedied by the law-making power.

For the purposes of this case it is sufficient to know such action has not been taken, and the writ is therefore denied.

WRIT DENIED.

THE other judges concur.